STEPHEN L. COHEN
J. LEE BUCK, II, D.C. Bar No. 421878
ALFRED C. TIERNEY
JOHN P. LUCAS

Attorneys for Plaintiff
U.S. SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, DC 20549
Telephone: (202) 551 - 4500
Fascimile: (202) 772 - 9189

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALFIORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. **'14CV2916 DMS JLB** |
| Plaintiff, | **CONSENT OF DEFENDANT BILL C. (BILLY) CRAFTON, JR.** |
| v. | |
| BILL C. (BILLY) CRAFTON, JR., | |
| Defendant. | |

1.      Defendant Bill C. (Billy) Crafton, Jr. ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Defendant has entered into a written agreement to plead guilty to criminal conduct relating to certain matters alleged in the Complaint in this action. Specifically, in *United States v. Billy Crafton*, Crim. No. 3:14-cr-02981-

1

BTM-1 (S.D. Cal.) ("*United States v. Crafton*"), Defendant agreed to plead guilty to Conspiracy [18 U.S.C. § 1349] to commit wire fraud in violation of 18 U.S.C. § 1343. In connection with that plea, Defendant admitted the facts set forth in the factual basis in his Plea Agreement, which was filed on October 17, 2014 in the criminal action. This Consent shall remain in full force and effect regardless of the existence or outcome of any further proceedings in *United States v. Crafton*.

3. Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a) permanently restrains and enjoins Defendant from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)]; Sections 10(b) and 15(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b) and 78o(a)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]; and Sections 206(1)-(3) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1)-(3)]; and

(b) orders Defendant to pay disgorgement in the amount of $1,505,952, plus prejudgment interest thereon in the amount of $192,959, for a total of $1,698,911, but provides that Defendant's payment of disgorgement and prejudgment interest shall be deemed satisfied upon entry of a restitution order in *United States v. Crafton*.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the

Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative

proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

    11.    Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant acknowledges the guilty plea for related criminal conduct described in paragraph 2 above, and agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

    12.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

14. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

15th Day of April, 2014

_____
Bill C. Crafton, Jr.

**STATE OF** CALIFORNIA   }
                          } SS:
**COUNTY OF** SAN DIEGO   }

The foregoing instrument was acknowledged before me this 15th day of APRIL, 2014, by BILL C. CRAFTON, JR. who  X  is personally known to me or ___ who has produced a _____ driver's license / passport as identification and who did take an oath.

_____
Notary Public
State of CALIFORNIA
Commission Number: # 1914028
Commission Expiration: 11.21.2014

[Notary Seal: JUDI M. SANZO, COMM. # 1914028, NOTARY PUBLIC - CALIFORNIA, SAN DIEGO COUNTY, COMM. EXPIRES NOV. 21, 2014]

Approved as to form:

_____
Judi Sanzo, Esq.
3755 Avocado Boulevard, Suite 521
La Mesa, CA 91941
Phone: 619-579-0299
Attorney for Defendant